Larry O. Folks, #012142
Lisa S. Kass, #020859
Folks & O'Connor, PLLC
1850 N. Central Ave, #1140
Phoenix, Arizona 85004
(602) 256-9152
kass@folksoconnor.com

Attorneys for Movant State Farm Bank



MAR 0 3 2010

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

In re:

JOSEPH JOHN LANG,

    Debtor.

STATE FARM BANK,

    Movant,

vs.

JOSEPH JOHN LANG, DEBTOR; MAUREEN GAUGHAN, CHAPTER 7 TRUSTEE,

    Respondents.

Chapter 7 Proceedings

Case No. 2:09-bk-16831-SSC

**STIPULATED ORDER FOR RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY**

**Re: Personal Property Identified as 2008 Dodge Ram Pickup**

State Farm Bank ("State Farm"), a secured creditor in the above-captioned bankruptcy proceeding, and Joseph John Lang, the debtor (the "Debtor"), hereby submit this written stipulated order (this "Stipulated Order") and represent the following to the Bankruptcy Court:

## I.

## RECITALS

1. On or about July 20, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C.

§§ 101 *et seq.*

2. On or about August 26, 2008, Joseph John Lang executed and delivered to State Farm a Promissory Note and Security Agreement (the "Note"). Pursuant to the Note, the Debtor agreed to repay the principal balance, interest and late fees, and in the event of default, certain other charges, costs and fees associated with the Vehicle and pledged a first lien interest in the Vehicle to State Farm. State Farm is the current owner and holder of the Note. A true and accurate copy of the Note is attached to the State Farm's Motion for Relief (the "MFR") (Docket No.16) **Exhibit A** and is herein incorporated by this reference.

3. Repayment of the Note is secured with a security interest in and first position lien upon the Vehicle as evidenced by the Note and the Certificate of Title attached to State Farm's Motion for Relief (Docket No. 16) as **Exhibit B** and is herein incorporated by this reference.

4. As of February 24, 2010, the Debtor has failed to make the following payments to State Farm: (i) payments for January 2009 through February 2010 in the total amount of $8,368.78; (ii) late charges of $448.35; and (ii) attorneys' fees and costs of $1,375.45 for a total arrearage of $10,192.58.

5. As of the time of this Stipulated Order, the unpaid balance of the Note consists of (i) a principal amount of $33,790.38; (ii) accrued interest of $2,619.68; (iii) late fees of $448.35; (iv) miscellaneous fees of $230.00; (v) attorneys' fees of $1,225.45; and (v) filing costs of $150.00 for a total pay off amount of $38,463.86 (the "Loan Balance").

6. On August 21, 2009, State Farm filed its MFR and the Debtor filed a Response. This matter is currently set for a continued hearing on March 3, 2010 at 2:30 p.m.

## II.

## OPERATIVE PROVISIONS

WHEREFORE, based upon the foregoing, State Farm and the Debtor hereby **STIPULATE AND AGREE** as follows:

    A.    That the Recitals set forth above are true and correct and are hereby incorporated into this Operative Provisions section of this Stipulated Order by reference;

    B.    The Debtor hereby acknowledges that State Farm holds a valid, perfected and enforceable first-priority lien upon the Vehicle;

    C.    The Debtor shall make the following payments to State Farm:

    (1) monthly payments in the amount of $597.77 for a period of five (5) months, commencing on or before March 10, 2010 and ending on July 10, 2010;

    (2) monthly payments in the amount of $896.66 for a period of twenty-seven (27) months, commencing on or before August 10, 2010 and ending October 10, 2012;

    (3) one (1) monthly payment in the amount of $896.52 on or before November 10, 2012; and

    (4) monthly payments in the amount of $597.77 commencing on or before December 10, 2012 until the Loan Balance is paid in full (the "Maturity Date").

    (5) On the Maturity Date, which is the date the Loan Balance is paid in full, any additional amounts due, including, but not limited to late fees, which are currently $448.35, shall be due and owing to State Farm.

    D.    All payments shall be made on the 10th of each month and sent directly to

State Farm Bank, PO Box 3299, Milwaukee, WI 53201-3299;

E. The parties agree that the automatic stay of 11 U.S.C. § 362, shall be immediately and unconditionally lifted and terminated, and that State Farm is entitled to exercise any and all applicable non-bankruptcy rights and remedies it has or may have under the Note and Certificate of Title at such time and ***in the event*** that the Debtor fails to pay any payment as agreed to herein. At such time as the Debtor defaults on any payment, State Farm shall provide a Notice of Noncompliance (the "Notice") to the Debtor that gives him ~~five (5)~~ ten (10) business days to cure the payment default. State Farm shall file the Notice with the Bankruptcy Court and mail it to the Debtor at 925 West Baseline Road, PMB 105-K5, Tempe, AZ 85283. In the event the payment default is not cured within the ~~five~~ ten business ~~(5)~~ 10 day deadline, State Farm may upload an Order granting it relief from the automatic bankruptcy stay, without further order of this Court;

F. However, if the Debtor's case is dismissed or closed, no notice to the bankruptcy court is required and State Farm may proceed with repossession of the Vehicle in the event the payment default is not cured after Notice to the Debtor.

G. If the Debtor defaults on any payment described in this Stipulated Order on a fourth or more occasion, a Notice will not be required by State Farm and it may proceed with immediate repossession of the Vehicle without further Order of Court.

H. That Debtor shall maintain insurance coverage on the Vehicle;

I. Other than stated herein, all other terms of the Note shall remain in full force and effect.

J. The Debtor shall inform State Farm of the location of the Vehicle and shall continue to keep State Farm updated in the event the location of the Vehicle changes.

K. Nothing contained herein shall prejudice, impair or otherwise affect the

4

right of State Farm, or any other party-in-interest, at any time, to seek any other appropriate relief available under the Bankruptcy Code;

L. Except as otherwise provided for herein, nothing in this Stipulated Order is intended to, nor shall, affect State Farm's, the Debtor's (or their respective success-in-interest') rights, remedies or obligations under State Farm's Note and Certificate of Title or applicable non-bankruptcy law;

M. Except as specifically provided for herein, the provisions of this Stipulated Order shall be without prejudice to, and shall in no way affect, modify, waive or estop the rights, remedies or contentions of State Farm or the Debtor with respect to any matter which may rightfully be brought before the Bankruptcy Court;

N. The provisions of this Stipulated Order shall be binding upon and inure to the benefit of State Farm and the Debtor and their respective successors and assigns including, without limitation, any Chapter 13 or Chapter 7 trustee that may be appointed in this bankruptcy proceeding;

O. Subject to the approval of the Bankruptcy Court, each of the parties hereto represents and warrants that they have full power and authority to enter into this agreement;

P. This Stipulated Order may not be modified, amended, altered or waived except in a writing signed by the parties hereto or their duly authorized agents, or by an Order from this Court;

Q. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed an original, but all of which counterparts taken together shall constitute one and the same instrument; and

R. The Bankruptcy Court shall retain jurisdiction to resolve all disputes concerning the interpretation and enforcement of this Stipulated Order.

S.   The Hearing currently set for March 3, 2010 at 2:30 pm shall be vacated.

DATED THIS __3__ day of __March__, 2010.

_____
THE HONORABLE REDFIELD T. BAUM

**APPROVED AS TO FORM AND CONTENT:**

**FOLKS & O'CONNOR, PLLC**

By /s/   Lisa S. Kass
    Larry O. Folks
    Lisa S. Kass
    1850 North Central Ave, Suite 1140
    Phoenix, AZ  85004
    *Attorneys for Movant*

**ANDREW J. WESTLE**                      **JOSEPH JOHN LANG**

By /s/   Andrew J. Westle             By _____
    2725 E. Mine Creek Road              925 W. Baseline Road,
    #1165                                               #105-K5
    Phoenix, AZ 85024                      Tempe, AZ 85283
    *Attorneys for the Debtor*                *Debtor*

**ORIGINAL** filed by **ECF** and
**COPIES** of the foregoing mailed
this _____ day of February, 2010, to:

Joseph Lang
925 W. Baseline Rd., #105-K5
Tempe, AZ 85283
*Debtor*

Andrew J. Westle
2725 E. Mine Creek Road
#1165
Phoenix, AZ 85024
*Attorneys for the Debtor*

Maureen Gaughan
P.O. Box 6729
Chandler, AZ 85246
*Chapter 7 Trustee*

US Trustee
Office of the US Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003-1706

By /s/ Kathlyn Maez
*An Employee of Folks & O'Connor, PLLC*